UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-23474-Civ-Graham

*Rec'D*
FILED BY _____ D.C.

2003 JAN 29  PM 1:59

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - HIA

MB REDEVELOPMENT, INC.,
a Florida corporation,

        Plaintiff,

v.

BOVIS LEND LEASE LMB, INC.
f/k/a Lehrer McGovern Bovis, Inc.,
a New York corporation,

        Defendant.
_____/

FILED by _____ D.C.
DKTG

JAN 3 1 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ANSWER, AFFIRMATIVE DEFENSES AND AMENDED THIRD-PARTY COMPLAINT

Defendant BOVIS LEND LEASE LMB, INC., f/k/a LEHRER MCGOVERN BOVIS, INC. (hereinafter sometimes "BOVIS") answers the Complaint of Plaintiff MB REDEVELOPMENT, INC. (hereinafter sometimes "MBRI") and states the following:

1.      The allegations of paragraph 1 are denied and strict proof of same demanded.

2.      As to allegations of paragraph 2, Defendant does not contest the jurisdiction of this court over this litigation.  However, Defendant denies that it is responsible for the alleged damages which Plaintiff claims in this action.

3.      As its answer to paragraph 3, Defendant does not contest the personal jurisdiction of this court over Defendant.  However, Defendant states that its contract with Plaintiff defines the services Defendant was to provide as to the Loews Miami Beach Hotel

Page 1 of  15

CASE NO.: 02-23474-Civ-Graham

demanded.

13.   The allegations of paragraph 13 are denied and strict proof of same demanded.

14.   The allegations of paragraph 14 are denied and strict proof of same demanded.

15.   The allegations of paragraph 15 are denied and strict proof of same demanded.  By way of further answer to paragraph 15, Defendant BOVIS states that Plaintiff failed to give timely notice per the parties' contract or otherwise of the alleged defective work which is the subject matter of this litigation, and that its claim or claims are thus barred.

16.   As its answer to paragraph 16, Defendant realleges and incorporates by reference herein the allegations of paragraphs 1 through 15, inclusive, set forth hereinabove.

17.   The allegations of paragraph 17 and all subparagraphs thereof are denied and strict proof of same demanded.

18.   The allegations of paragraph 18 are denied and strict proof of same demanded.

19.   As its answer to paragraph 19, Defendant BOVIS realleges and incorporates by reference herein its answers to paragraphs 1 through 15 set forth hereinabove.

20.   As its answer to paragraph 20, Defendant BOVIS states that the contents of general conditions subparagraph 3.5.1 of the parties' contract speaks for itself and hence denies same and demands strict proof thereof.

Page 3 of  15

CASE NO.: 02-23474-Civ-Graham

21.    The allegations of paragraph 21 are denied and strict proof of same demanded.

22.    The allegations of paragraph 22 are denied and strict proof of same demanded.

23.    As its answer to paragraph 23, Defendant BOVIS realleges and incorporates by reference herein its answers to paragraph 1 through 15 set forth hereinabove.

24.    The allegations of paragraph 24 are denied and strict proof of same demanded.

25.    The allegations of paragraph 25 are denied and strict proof of same demanded.

26.    The allegations of paragraph 26 are denied and strict proof of same demanded.

27.    The allegations of paragraph 27 are denied and strict proof of same demanded.

## AFFIRMATIVE DEFENSES

28.    The project architect and/or engineer had a non-delegable duty to design the construction project at issue in this litigation in accordance with the applicable building code or codes and any errors or omissions in the design of the project are not the responsibility of the Defendant BOVIS.  Defendant BOVIS states that errors or omissions in the design of the project either caused or contributed to the alleged deficiencies of which Plaintiff complains and that BOVIS is not responsible for same.

29.    Plaintiff has failed to mitigate the alleged damages which it claims in this

WELBAUM, GUERNSEY, HINGSTON, GREENLEAF & GREGORY, L.L.P.
ATTORNEYS AT LAW
PENTHOUSE SUITE   901 PONCE DE LEON BOULEVARD
MIAMI (CORAL GABLES), FLORIDA 33134-3009   TELEPHONE (305) 441-8900   FAX (305) 441-2255

CASE NO.: 02-23474-Civ-Graham

action.

30.    Plaintiff is itself in whole or in part the cause of the alleged deficiencies and problems which it complains of in the Complaint in this action.   Defendant is not responsible for Plaintiff's failure to maintain or otherwise properly care for the project after its occupancy by Plaintiff.

31.    Inasmuch as Defendant followed the project plans and specifications in performing its work on the project, Defendant has no liability to Plaintiff.

32.    By virtue of Plaintiffs own actions or failures to act, Plaintiff has waived or is estopped to assert the claims made against Defendant in this action.

33.    Plaintiff's claim of breach of express warranty against Defendant is barred inasmuch as said alleged express warranty expired two years following the completion of the construction phase of the project.  Plaintiff failed to give Defendant appropriate notice per the terms and conditions of the parties' contract of any claim for breach of warranty within said two year period and hence Plaintiff's claim based upon breach of express warranty is barred.

34.    Plaintiff's claim against Defendant is barred by the applicable statute of limitations of 4 years as set forth in Florida Stat. §95.11(3)(c) or other applicable statute of limitations.

35.    Defendant reserves the right to amend and/or supplement this answer based upon discovery to be conducted in this litigation.

WHEREFORE, BOVIS LEND LEASE LMB, INC. f/k/a LEHRER MCGOVERN BOVIS, INC. respectfully moves the court for entry of an order dismissing Plaintiff MB

Page 5 of  15

CASE NO.: 02-23474-Civ-Graham

REDEVELOPMENT, INC.'s Complaint in this action and further prays that it be awarded its costs.

## AMENDED THIRD-PARTY COMPLAINT

Defendant Third-Party Plaintiff BOVIS LEND LEASE LMB, INC. f/k/a LEHRER MCGOVERN BOVIS, INC. (hereinafter "BOVIS") files this its Amended Third-Party Complaint against Third-Party Defendants E & F CONTRACTORS, INC. (hereinafter sometimes "E & F"); ALAN W. SMITH, INC.; PRO-TECH CAULKING & WATERPROOFING, INC.; and PRO-TECH CONTRACTING, INC. and alleges the following:

### GENERAL ALLEGATIONS

1.      Defendant BOVIS LEND LEASE LMB, INC. f/k/a LEHRER MCGOVERN BOVIS, INC. is a New York corporation with its principal place of business in the State of New York.

2.      Upon information and belief, Defendant E & F CONTRACTORS, INC. is and has been a Florida corporation with its principal place of business located in Miami-Dade County, Florida authorized to do business and doing business in Miami-Dade County, Florida at all times material hereto.

3.      Upon information and belief, Defendant ALAN W. SMITH, INC. , is and has been a Florida corporation authorized to do business and doing business in Miami-Dade County, Florida at all times material hereto.

4.      At all times material hereto, Defendant PRO-TECH CAULKING &

Page 6 of  15

CASE NO.: 02-23474-Civ-Graham

WATERPROOFING, INC. is and has been a Florida corporation authorized to do business and doing business in Miami-Dade County, Florida.

5.      Upon information and belief, Defendant PRO-TECH CONTRACTING, INC. is and has been a foreign corporation authorized to do business and doing business in Miami-Dade County, Florida.

6.      This court has jurisdiction over the parties to this Third-Party Complaint and over the causes of action asserted in this Third-Party Complaint pursuant to 28 U.S.C. §1367(a) and/or principles of ancillary jurisdiction.

## COUNT I

7.      The allegations of paragraphs 1, 2, and 6 are realleged and incorporated by reference in full herein.

8.      This is an action for contractual indemnification and for breach of a performance bond.

9.      On or about January 16, 1998, Third-Party Plaintiff BOVIS and Third-Party Defendant E & F CONTRACTORS, INC. entered into a subcontract regarding performance by E & F of certain work on the Loews Miami Beach Hotel project.   Said contract is voluminous and is therefore not attached hereto.  Additionally, upon information and belief, E & F CONTRACTORS, INC. has a copy of said subcontract.

10.     Third-Party Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY is and has been at all times material hereto a foreign surety corporation authorized to do business and doing business in state of Florida.  Third-Party Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY issued a performance bond on

WELBAUM, GUERNSEY, HINGSTON, GREENLEAF & GREGORY, L.L.P.
ATTORNEYS AT LAW
PENTHOUSE SUITE    901 PONCE DE LEON BOULEVARD
MIAMI (CORAL GABLES), FLORIDA 33134-3009   TELEPHONE (305) 441-8900   FAX (305) 441-2255

CASE NO.: 02-23474-Civ-Graham

behalf of E & F CONTRACTORS, INC. as principal regarding the project at issue in this litigation, a copy of which is attached hereto as Exhibit "B".

11.     The Plaintiff MB REDEVELOPMENT, INC. has filed suit against Defendant/Third Party Plaintiff BOVIS alleging claimed deficiencies in the work on the Loews Miami Beach Hotel project which alleged deficiencies implicate and involve Third-Party Defendant E & F's scope of work on said project.  A copy of said Complaint, minus the exhibits thereto which are voluminous, is attached hereto as Exhibit "A".

12.     Pursuant to its subcontract with BOVIS for the project, E & F had responsibility for performing stucco and related work on the subject project.

13.     Defendant/Third-Party Plaintiff BOVIS has denied the allegations of Plaintiff's Complaint and has asserted various affirmative defenses thereto.  However, in the event that BOVIS is notwithstanding its defenses adjudged liable to Plaintiff MB REDEVELOPMENT in this action for alleged deficiencies and/or damages which are within the scope of Third-Party Defendant E & F's subcontractual undertaking or which were otherwise caused by E & F CONTRACTORS, INC,   Third-Party Defendant E & F shall be liable to Third-Party Plaintiff BOVIS for said damages, as will Third-Party Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY which will have breached in said event its performance bond attached hereto as Exhibit "B".

14.     All conditions precedent to the maintenance of this action, have occurred, have been performed, or have been waived.

15.     Third-Party Plaintiff has retained the law firm of Welbaum, Guernsey,

Page 8 of  15

CASE NO.: 02-23474-Civ-Graham

Hingston, Greenleaf & Gregory, L.L.P. to represent it in this action and has agreed to pay

said law firm reasonable attorney's fees for services thus rendered.

WHEREFORE, Defendant/Third-Party Plaintiff BOVIS LEND LEASE LMB, INC. f/k/a

LEHRER MCGOVERN BOVIS, INC respectfully moves the court for an award of damages

as may be appropriate against Third-Party Defendants E & F CONTRACTORS, INC. and

UNITED STATES FIDELITY AND GUARANTY COMPANY, jointly and severally,  in the

event that Third-Party Plaintiff is adjudged liable to the Plaintiff in this action.  Plaintiff

further prays for an award of costs and reasonable attorney's fees.

### COUNT II

16.    The allegations of paragraphs 1, 3, and 6 are realleged and incorporated

by reference in full herein.

17.    This is an action for contractual indemnification and for breach of a

performance bond.

18.    On or about March 20, 1997 Third-Party Plaintiff BOVIS and Third-Party

Defendant ALAN W. SMITH, INC. entered into a subcontract regarding performance by

ALAN W. SMITH, INC. of certain work on the Loews Miami Beach Hotel project.  Said

contract is voluminous and is therefore not attached hereto.  Additionally, upon information

and belief, ALAN W. SMITH, INC. has a copy of said subcontract.

19.    Third-Party Defendant FIDELITY AND DEPOSIT COMPANY OF

MARYLAND is and has been at all times material hereto a foreign surety corporation

authorized to do business and doing business in state of Florida.  Third-Party Defendant

FIDELITY AND DEPOSIT COMPANY OF MARYLAND issued a performance bond on

Page 9 of  15

CASE NO.: 02-23474-Civ-Graham

behalf of ALAN W. SMITH, INC. as principal regarding the project at issue in this litigation, a copy of which is attached hereto as Exhibit "C".

20.     The Plaintiff MB REDEVELOPMENT, INC. has filed suit against Defendant/ Third Party Plaintiff BOVIS alleging claimed deficiencies in the work on the Loews Miami Beach Hotel project which alleged deficiencies implicate and involve Third-Party Defendant ALAN W. SMITH, INC.'s scope of work on said project.  A copy of said Complaint, minus the exhibits thereto which are voluminous, is attached hereto as Exhibit "A".

21.     Pursuant to its subcontract with BOVIS for the project, ALAN W. SMITH had responsibility for performing masonry work on the subject project.

22.     Defendant/Third-Party Plaintiff BOVIS has denied the allegations of Plaintiff's Complaint and has asserted various affirmative defenses thereto.  However, in the event that BOVIS is notwithstanding its defenses adjudged liable to Plaintiff MB REDEVELOPMENT in this action for alleged deficiencies and/or damages which are within the scope of Third-Party Defendant ALAN W. SMITH, INC.'s subcontractual undertaking or which were otherwise caused by ALAN W. SMITH, INC.,  Third-Party Defendant ALAN W. SMITH, INC. shall be liable to Third-Party Plaintiff BOVIS for said damages, as will Third-Party Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND which will have breached in said event its performance bond attached hereto as Exhibit "C".

23.     All conditions precedent to the maintenance of this action, have occurred, have been performed, or have been waived.

24.     Third-Party Plaintiff has retained the law firm of Welbaum, Guernsey,

Page 10 of  15

CASE NO.: 02-23474-Civ-Graham

Hingston, Greenleaf & Gregory, L.L.P. to represent it in this action and has agreed to pay

said law firm reasonable attorney's fees for services thus rendered.

WHEREFORE, Defendant/Third-Party Plaintiff BOVIS LEND LEASE LMB, INC. f/k/a

LEHRER MCGOVERN BOVIS, INC respectfully moves the court for an award of damages

as may be appropriate against Third-Party Defendants ALAN W. SMITH, INC. and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, jointly and severally, in the event

that Third-Party Plaintiff is adjudged liable to the Plaintiff in this action.   Plaintiff further

prays for an award of costs and reasonable attorney's fees.

### COUNT III

25.    The allegations of paragraphs 1, 4, and 6 are realleged and incorporated

by reference in full herein.

26.    This is an action for contractual indemnification.

27.    On or about February 7, 1997, Third-Party Plaintiff BOVIS and Third-Party

Defendant PRO-TECH CAULKING & WATERPROOFING, INC. entered into a subcontract

thereto regarding performance by PRO-TECH CAULKING & WATERPROOFING, INC. of

certain work on the Loews Miami Beach Hotel project.   Said contract is voluminous and is

therefore not attached hereto.   Additionally, upon information and belief, PRO-TECH

CAULKING & WATERPROOFING, INC. has a copy of said subcontract.

28.    The Plaintiff MB REDEVELOPMENT, INC. has filed suit against

Defendant/Third Party Plaintiff BOVIS alleging claimed deficiencies in the work on the

Loews Miami Beach Hotel project which alleged deficiencies implicate and involve Third-

Party Defendant PRO-TECH CAULKING & WATERPROOFING, INC.'s scope of work on

Page 11 of  15

CASE NO.: 02-23474-Civ-Graham

said project.  A copy of said Complaint, minus the exhibits thereto which are voluminous, is attached hereto as Exhibit "A".

29.     Pursuant to its subcontract with BOVIS for the project, PRO-TECH CAULKING & WATERPROOFING, INC. had responsibility for performing caulking and waterproofing work on the subject project.

30.     Defendant/Third-Party Plaintiff BOVIS has denied the allegations of Plaintiff's Complaint and has asserted various affirmative defenses thereto.  However, in the event that BOVIS is notwithstanding its defenses adjudged liable to Plaintiff MB REDEVELOPMENT in this action for alleged deficiencies which are within the scope of Third-Party Defendant PRO-TECH CAULKING & WATERPROOFING, INC.'s subcontractual undertaking, Third-Party Defendant PRO-TECH CAULKING & WATERPROOFING, INC. shall be liable to Third-Party Plaintiff BOVIS for said damages.

31.     All conditions precedent to the maintenance of this action, have occurred, have been performed, or have been waived.

32.     Third-Party Plaintiff has retained the law firm of Welbaum, Guernsey, Hingston, Greenleaf & Gregory, L.L.P. to represent it in this action and has agreed to pay said law firm reasonable attorney's fees for services thus rendered.

WHEREFORE, Defendant/Third-Party Plaintiff BOVIS LEND LEASE LMB, INC. f/k/a LEHRER MCGOVERN BOVIS, INC respectfully moves the court for entry of damages as may be appropriate against Third-Party Defendant PRO-TECH CAULKING & WATERPROOFING, INC. in the event that Third-Party Plaintiff is adjudged liable to the

Page 12 of  15

CASE NO.: 02-23474-Civ-Graham

Plaintiff in this action.   Plaintiff further prays for an award of costs and reasonable

attorney's fees.

## COUNT IV

33.    The allegations of paragraphs 1, 5, and 6 are realleged and incorporated

by reference in full herein.

34.    This is an action for contractual indemnification and for breach of a

performance bond.

35.    On or about October 1, 1997, Third-Party Plaintiff BOVIS and Third-Party

Defendant PRO-TECH CONTRACTING, INC. entered into a subcontract regarding

performance by PRO-TECH CONTRACTING, INC. of certain work on the Loews Miami

Beach Hotel project.   Said contract is voluminous and is therefore not attached hereto.

Additionally, upon information and belief, PRO-TECH CONTRACTING, INC. has a copy

of said subcontract.

36.    Third-Party Defendant INTERNATIONAL FIDELITY INSURANCE

COMPANY is and has been at all times material hereto a foreign surety corporation

authorized to do business and doing business in state of Florida.   Third-Party Defendant

INTERNATIONAL FIDELITY INSURANCE COMPANY issued a performance bond on

behalf of PRO-TECH CONTRACTING, INC. as principal regarding the project at issue in

this litigation, a copy of which is attached hereto as Exhibit "D".

37.    The Plaintiff MB REDEVELOPMENT, INC. has filed suit against

Defendant/Third Party Plaintiff BOVIS alleging claimed deficiencies in the work on the

Loews Miami Beach Hotel project which alleged deficiencies implicate and involve Third-

WELBAUM, GUERNSEY, HINGSTON, GREENLEAF & GREGORY, L.L.P.
ATTORNEYS AT LAW
PENTHOUSE SUITE    901 PONCE DE LEON BOULEVARD
MIAMI (CORAL GABLES), FLORIDA 33134-3009   TELEPHONE (305) 441-8900   FAX (305) 441-2255

CASE NO.: 02-23474-Civ-Graham

Party Defendant PRO-TECH CONTRACTING, INC.'s scope of work on said project. A copy of said Complaint, minus the exhibits thereto which are voluminous, is attached hereto as Exhibit "A".

38.    Pursuant to its subcontract with BOVIS for the project, PRO-TECH CONTRACTING, INC. had responsibility for performing painting, coatings and wall coverings work on the subject project.

39.    Defendant/Third-Party Plaintiff BOVIS has denied the allegations of Plaintiff's Complaint and has asserted various affirmative defenses thereto. However, in the event that BOVIS is notwithstanding its defenses adjudged liable to Plaintiff MB REDEVELOPMENT in this action for alleged deficiencies and/or damages which are within the scope of Third-Party Defendant PRO-TECH CONTRACTING, INC.'s subcontractual undertaking or which were otherwise caused by PRO-TECH CONTRACTING, INC., Third-Party Defendant PRO-TECH CONTRACTING, INC. shall be liable to Third-Party Plaintiff BOVIS for said damages, as will Third-Party Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY which will have breached in said event its performance bond attached hereto as Exhibit "D".

40.    All conditions precedent to the maintenance of this action, have occurred, have been performed, or have been waived.

41.    Third-Party Plaintiff has retained the law firm of Welbaum, Guernsey, Hingston, Greenleaf & Gregory, L.L.P. to represent it in this action and has agreed to pay said law firm reasonable attorney's fees for services thus rendered.

Page 14 of 15

CASE NO.: 02-23474-Civ-Graham

WHEREFORE, Defendant/Third-Party Plaintiff BOVIS LEND LEASE LMB, INC. f/k/a

~~LEHRER MCGOVERN BOVIS, INC~~ respectfully moves the court for an award of damages

as may be appropriate against Third-Party Defendants PRO-TECH CONTRACTING, INC.

and INTERNATIONAL FIDELITY INSURANCE COMPANY, jointly and severally,  in the

event that Third-Party Plaintiff is adjudged liable to the Plaintiff in this action.  Plaintiff

further prays for an award of costs and reasonable attorney's fees.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via
U.S. Mail to: Juan Farach, Esq., Hughes Hubbard & Reed LLP, 201 S. Biscayne
Boulevard, Suite 2500, Miami, Florida 33131 on this _29_ day of January, 2003.

WELBAUM, GUERNSEY, HINGSTON,
GREENLEAF & GREGORY, L.L.P.
901 Ponce De Leon Boulevard
Penthouse Suite
Miami, Florida 33134-3073
Telephone:305\441-8900
Facsimile:305\441-2255
Attorneys for BOVIS LEND LEASE LMB, INC.

By _____
W. Frank Greenleaf
Florida Bar #187900
John H. Gregory
Florida Bar #366005

Page 15 of  15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| MB REDEVELOPMENT, INC.,<br>a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BOVIS LEND LEASE LMB, INC.<br>f/k/a Lehrer McGovern Bovis, Inc.,<br>a New York corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ |

**02-23474**

**CIV-GRAHAM**

**MAGISTRATE JUDGE GARBER**

## COMPLAINT

Plaintiff MB Redevelopment, Inc. ("MBRI"), by its attorneys, for its complaint against defendant Bovis Lend Lease LMB, Inc. f/k/a Lehrer McGovern Bovis, Inc. ("Bovis") alleges as follows:

## NATURE OF ACTION

1.    MBRI brings this action to recover damages caused by defects in the construction of the Loews Miami Beach Hotel. As a direct result of these defects, water has penetrated into the Hotel, causing damage and requiring MBRI to incur substantial expenses to remediate these defects. Bovis is directly responsible for these defects and the resulting damages because it built the Hotel for MBRI.

HUGHES HUBBARD & REED LLP  201 South Biscayne Boulevard, Suite 2500, Miami, Florida  33131  Telephone: (305) 358-1666

MI 529090_1.DOC

Exhibit "A"

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states.

3.     This Court has personal jurisdiction over defendant Bovis because Bovis, at all

relevant times, (i) was qualified and authorized to do business in the State of Florida, and (ii) in

fact transacted business within the State of Florida, including without limitation, providing

general contracting, construction management, and other services in connection with the

construction of the Loews Miami Beach Hotel.

4.     Venue lies in this district pursuant to 28 U.S.C. § 1391(a).

## PARTIES

5.     Plaintiff MBRI is a corporation organized under the laws of the State of Florida,

with its principal place of business in Miami Beach, Florida. MBRI owns, and does business as,

the Loews Miami Beach Hotel, an 800-room convention hotel located at 1601 Collins Avenue,

Miami Beach, Florida (the "Hotel").

6.     Defendant Bovis is a corporation organized under the laws of the State of New

York, with its principal place of business in New York, New York. Bovis is engaged in the

business of providing, inter alia, general contracting and construction management services.

## COMMON FACTS

7.     On or about September 20, 1996, Bovis and MBRI entered into the following

agreements (hereinafter collectively, the "Agreement") with respect to the construction of the

Hotel: (i) a "Standard Form of Agreement between Owner and Construction Manager where the

Construction Manager is also the Constructor" (AIA Document A121/CMc (1991 ed.))

2

("Standard Form"); (ii) Rider to Standard Agreement ("Rider"); (iii) "General Conditions of the Contract for Construction" (AIA Document A201 (1987 ed.)) ("General Conditions"); (iv) Supplementary Conditions ("Supplementary Conditions"); and (v) Amendment No. 1 re: Guaranteed Maximum Price ("Amendment")   (A copy of the Agreement is attached hereto as composite Exhibit 1.)

       8.     The Agreement requires Bovis to perform certain pre-construction, construction, and construction management services (defined in the Agreement as the "Work") in connection with the construction of the Hotel.  In particular, the Agreement requires Bovis, among other things, to: (i) perform the Work in accordance with the contract documents and submittals approved (General Conditions at subparagraph 3.2.3); (ii) perform its services under the Agreement in accordance with the highest professional standards recognized and adhered to by construction managers and contractors rendering services in the State of Florida (Rider at subparagraph 3.2); (iii) supervise and direct the Work, using its best skill and attention, and be solely responsible for construction means, methods, techniques, sequences and procedures, and for coordinating all portions of the Work under the Agreement (General Conditions at subparagraph 3.3.1); and (iv) be responsible to MBRI for any and all acts and omissions of Bovis' agents, employees, and subcontractors performing or supplying work in connection with the project (Rider at subparagraph 2.3.2.8).

       9.     Construction of the Hotel commenced in or around December 1996.  After several delays in the construction of the Hotel, a temporary certificate of occupancy was issued on or about December 23, 1998, and the Hotel opened to the public the next day, on or about December 24, 1998.  A final certificate of occupancy, however, was not issued until in or around February 2000.

HUGHES HUBBARD & REED LLP  201 South Biscayne Boulevard, Suite 2500, Miami, Florida  33131  Telephone: (305) 358-1666

10.     In early 2002, MBRI discovered certain defects in the construction of the exterior walls of the Hotel.

11.     MBRI discovered that plastic reveals (i.e., PVC plastic accessories for exterior stucco systems) had been improperly installed and, as a result, water has seeped into the building through open corners and laps.   For instance, MBRI discovered the following failures: (i) no caulking was used at "ends, butts and intersections," as required by the submittals from Bovis, which were approved by the architect and included the reveals manufacturer's specifications; (ii) reveals were not properly cut and installed to avoid gaps at the corners; (iii) reveals were not properly fastened; and (iv) masonry substrate behind the reveals was not properly cleaned prior to installation of the reveals.   As a result of these and other failures, the Work concerning the installation of the plastic reveals was (i) defective, (ii) not performed in accordance with plans and specifications and approved submittals, and (iii) not performed in accordance with the highest professional standards recognized and adhered to by construction managers and contractors rendering services in the State of Florida, as required under the Agreement.

12.     MBRI also discovered that stucco on the exterior walls of the Hotel has cracked and delaminated due to other defects in construction.   Among other things, MBRI discovered the following failures: (i) there were gaps and voids in the masonry substrate; (ii) the masonry substrate was not clean; (iii) the bonding agent was not properly applied, and (iv) the stucco was not properly damp cured.   As a result of these and other failures, the Work concerning the installation of masonry and application of stucco was (i) defective, (ii) not performed in accordance with plans and specifications and approved submittals, and (iii) not performed in accordance with the highest professional standards recognized and adhered to by construction

4

managers and contractors rendering services in the State of Florida, as required under the Agreement.

13.    MBRI requested Bovis to correct the defects that MBRI had discovered, offering Bovis full access to the Hotel to observe and test these defects.  Bovis failed to correct the defects.  Accordingly, MBRI, in an effort to mitigate any further damage to the Hotel, retained another contractor to commence remediation efforts to correct these defects.

14.    Since the commencement of the corrective work, MBRI has discovered additional defects.  Among other things, MBRI discovered the following failures: (i) a topping on balconies was not properly applied, and (ii) caulking was not properly applied in areas around metal window frames.  As a result of these and other failures, this Work was (i) defective, (ii) not performed in accordance with plans and specifications and approved submittals, and (iii) not performed in accordance with the highest professional standards recognized and adhered to by construction managers and contractors rendering services in the State of Florida, as required under the Agreement.

15.    All conditions precedent to this action have occurred, been performed, and/or been waived.

**COUNT I**
**(BREACH OF CONTRACT)**

16.    MBRI repeats and realleges each of the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17.    Bovis materially breached the Agreement for the reasons set forth in paragraphs 11, 12 and 14 above, including because, among other things:

    a.    The Work concerning the installation of the plastic reveals was not performed in accordance with the contract documents and approved

5

submittals because, among other things, (i) no caulking was used at "ends, butts and intersections," as required by the approved submittals (which include the manufacturer's specifications), (ii) the reveals were not properly cut, thus leaving gaps at the corners, (iii) the reveals were not properly fastened, and (iv) the masonry substrate behind the reveals was not properly cleaned prior to installation of the reveals.

b.   The Work concerning the application of the stucco to the exterior walls of the Hotel was not performed in accordance with the contract documents and approved submittals because, among other things, (i) the masonry substrate was not cleaned, (ii) the bonding agent was not properly applied, and (iii) the stucco was not adequately damp cured.

c.   The Work concerning the masonry was not performed in accordance with the contract documents and approved submittals because, among other things, there were gaps and voids in the masonry substrate.

d.   Bovis failed to supervise and direct the Work concerning the stucco trade, using its best skill and attention, resulting in faulty workmanship in the installation of the plastic reveals and the application of stucco.

e.   Bovis failed to supervise and direct the Work concerning the masonry trade, using its best skill and attention, resulting in faulty workmanship (i.e., gaps and voids in the masonry substrate).

f.   The Work concerning the application of a topping on balconies was not performed in accordance with the contract documents and approved submittals.

6

g.   The Work concerning the application of caulking in areas around metal window frames was not performed in accordance with the contract documents and approved submittals.

h.   Bovis failed to perform its services in accordance with the highest professional standards recognized and adhered to by construction managers and contractors rendering services in the State of Florida.

18.   Bovis' breaches of the Agreement have directly and proximately caused MBRI to suffer damages, including without limitation, the costs to correct the defective Work, which damages are at minimum $2 million.

WHEREFORE, plaintiff MBRI demands judgment against Bovis:

(a)   for compensatory damages, including without limitation, the costs to correct the defective work;

(b)   for prejudgment interest;

(c)   for the costs, disbursements and attorneys' fees incurred in this action; and

(d)   for such other, further and different relief as the Court may deem just and proper.

## COUNT II
## (BREACH OF EXPRESS WARRANTY)

19.   MBRI repeats and realleges each of the allegations contained in paragraphs 1 through 15 as if fully set fourth herein.

20.   Bovis expressly warranted in the Agreement that "the Work will be free from defects not inherent in the quality required or permitted, and that the Work will conform with the requirements of the Contract Documents." (General Conditions at subparagraph 3.5.1.)

7

21.     Bovis breached its express warranty because, among things, the Work concerning the installation of the plastic reveals, the application of stucco, the masonry work, and the work concerning the balconies and caulking around metal window frames is defective and of inferior quality.

22.     Bovis' breach of its express warranty has directly and proximately caused MBRI to suffer damages, including without limitation, the costs to correct the defective Work, which damages are at minimum $2 million.

WHEREFORE, plaintiff MBRI demands judgment against Bovis:

(a)     for compensatory damages, including without limitation, the costs to correct the defective work;

(b)     for prejudgment interest;

(c)     for the costs, disbursements and attorneys' fees incurred in this action; and

(d)     for such other, further and different relief as the Court may deem just and proper.

## COUNT III
### (VIOLATION OF APPLICABLE BUILDING CODE)

23.     MBRI repeats and realleges each of the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

24.     Pursuant to Chapter 553 of the Florida Statutes, Bovis, as a licensed contractor, had a duty to build the Hotel in compliance with the state minimum building codes, including the South Florida Building Code, in effect at the time of the construction of the Hotel.

25.     Section 553.84 of the Florida Statutes provides a statutory cause of action for violation of the state minimum building codes.

8

26.     Bovis violated its duty to MBRI under Chapter 553 of the Florida Statutes by failing to comply with the specifications (including referenced standards) of the South Florida Building Code, including without limitation, as set forth in paragraphs 11, 12 and 14 above. Moreover, Bovis knew or should have known that such failures, including without limitation, the gaps and voids in the masonry substrate, the failure to clean the masonry substrate, the improper application of bonding agent, and the inadequate damp curing of the stucco, were in violation of the South Florida Building Code.

27.     As a direct and proximate result of such violation of the South Florida Building Code, MBRI has been damaged, including without limitation, the costs to correct the defective Work, which damages are at minimum $2 million.

WHEREFORE, plaintiff MBRI demands judgment against Bovis:

    (a)     for damages, including without limitation, the costs to correct the defective work;

    (b)     for prejudgment interest;

    (c)     for the costs, disbursements and attorneys' fees incurred in this action; and

    (d)     for such other, further and different relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MBRI demands a trial by jury on all issues so triable.

9

Dated: December 4, 2002.

Respectfully submitted,

HUGHES HUBBARD & REED LLP
2500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 358-1666
Facsimile:  (305) 371-8759


By:_____
          Nicolas Swerdloff
          Fla. Bar No. 070416
          swerdlof@hugheshubbard.com
          Juan J. Farach
          Fla. Bar No. 957704
          farach@hugheshubbard.com

Attorneys for plaintiff MB Redevelopment, Inc.

10

## MULTIPLE-OBLIGEE

**Bond No.** 012 01723398B                    **Premium Amount $** 16074.00

### KNOW ALL MEN BY THESE PRESENTS,

That we, <u>E & F Contractors, Inc. 12001 SW 129th Court, Miami, Fl. 33186</u>

(full name and address of Contractor)

(hereinafter called the Principal), as Principal, and <u>United States Fidelity and Guaranty</u>

Company

(full name and address of Surety)

a corporation duly organized under the laws of the state of <u>Maryland</u> (hereinafter called the Surety), as Surety, are held and firmly bound unto:

| | | |
|---|---|---|
| **LEHRER MCGOVERN BOVIS, INC.** | **BANKERS TRUST COMPANY** | **M.B. REDEVELOPMENT, INC.** |
| **200 PARK AVENUE 9TH FL.** | **ITS SUCCESSORS AND/OR** | **407 LINCOLN ROAD, STE. 6K** |
| **NEW YORK, NY 10166** | **ASSIGNS, AS AGENT** | **MIAMI BEACH, FL 331339** |
| | **280 PARK AVENUE** | |
| | **NEW YORK, NY 10017** | |

as their interests may appear, (hereinafter called the Obligees).

in the sum of <u>One Million Five Hundred Twenty Thousand and xx/100------</u> U.S. Dollars
($<u>1,520,000.00--------</u>), for the payment of which we, the said Principal and the said Surety, bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal entered into a certain Contract dated <u>January 16th</u> 19<u>98</u> with **LEHRER MCGOVERN BOVIS, INC.** for:

**LOEWS MIAMI BEACH RESORT**
**LMB PROJECT #2350.01**

which is hereby referred to and made a part hereof as if fully set forth herein.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration, or extension of time made by the Obligees or either one of them.
Whenever Principal shall be, and declared by Obligees or either one of them, to be in default under the Contract, the Obligees having performed their obligations thereunder, the Surety shall promptly remedy the default by one of the following:

1      Complete the Contract in accordance with its terms and conditions.

PERFORMANCE BOND
MULTIPLE-OBLIGEE
PAGE 1
Exhibit "B"

2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or if the Obligees elect, upon determination by the Obligees and the Surety jointly of the lowest responsible bidder, arrange for contract between such bidder and Obligees, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the Contract price, but not exceeding, including other costs and damages for which the Surety may be liable hereunder, and pursuant to the Contract, the amount set forth in the first paragraph hereof. The term "balance of the Contract price," as used in this paragraph, shall mean the total amount payable by Obligees to the Principal under the Contract and any amendments thereto, less the amount properly paid by Obligees to the Principal.

3) Pay to the Obligees the full amount of the penal sum above stated.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligees named herein or the heirs, executors, administrators, successors or assigns of the Obligees.

Principal and Surety shall not be liable to the Obligees or any of them unless the Obligees or any of them have performed the obligations to the Principal in accordance with the terms of said Contract.

Principal and Surety shall not be liable to all Obligees in the aggregate in excess of the penal sum above stated.

Sealed with our seals and dated this ___2nd___ day of ___March___, 1998.

Attested by: _____

E & F Contractors, Inc.
Principal

by: _____
Efrain Fonseca (Title) (seal)
President

Attested by: _____
Ramon A. Rodriguez, Attorney in Fact
as per the Power of Attorney attached
hereto.

United States Fidelity
and Guaranty Company
Surety

by: _____
Attorney-in-Fact(seal)
Ramon A. Rodriguez

**PERFORMANCE BOND**
**MULTIPLE-OBLIGEE**
**PAGE 2**

1666656

# United States Fidelity and Guaranty Company

**Power of Attorney**

No. 110579



U S F+G

Know all men by these presents: That **United States Fidelity and Guaranty Company**, a corporation organized and existing under the laws of the State of Maryland and having its principal office at the City of Baltimore, in the State of Maryland, does hereby constitute and appoint  Carmelo Moll, Ramon A. Rodriguez, Ernesto Freyre, Jr., Victor M. Pantin and Fausto Alvarez

of the City of  Miami  , State of  Florida  its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons; guaranteeing the performance of contracts; and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, the said **United States Fidelity and Guaranty Company**, has caused this instrument to be sealed with its corporate seal, duly attested by the signatures of its Vice President and Assistant Secretary, this  3rd  day of  October  , A.D. 19 97 .

United States Fidelity and Guaranty Company



(Signed)  By ............................................
Vice President

(Signed)  By ............................................
Assistant Secretary

State of Maryland }
Baltimore City    }  SS.:

On this  3rd  day of  October  , A.D. 19 97 , before me personally came Gary A. Wilson, Vice President of **United States Fidelity and Guaranty Company**, and Thomas E. Huibregtse, Assistant Secretary of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said Gary A. Wilson and Thomas E. Huibregtse were respectively the Vice President and the Assistant Secretary of the said **United States Fidelity and Guaranty Company**, the corporation described in and which executed the foregoing Power of Attorney; that they each knew the seal of said corporation; that the seal affixed to said Power of Attorney was such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that they signed their names thereto by like order as Vice President and Assistant Secretary, respectively, of the Company.

My Commission expires the  1st  day of  August  , A.D. 19 98 .

(Signed) By ............................................
Notary Public

~~THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER~~

This Power of Attorney is granted under and by authority of the following Resolutions adopted by the Board of Directors of the **United States Fidelity and Guaranty Company** on September 24, 1992:

**Resolved**, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or an Executive Vice President, or a Senior Vice President, or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached.

**Resolved**, That Attorney(s)-in-Fact shall have the power and authority, and, in any case, subject to the terms and limitations of the Power of Attorney issued to them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, Thomas E. Huibregtse, an Assistant Secretary of the **United States Fidelity and Guaranty Company**, do hereby certify that the foregoing are true excerpts from the Resolutions of the said Company as adopted by its Board of Directors on September 24, 1992 and that these Resolutions are in full force and effect.

I, the undersigned Assistant Secretary of the **United States Fidelity and Guaranty Company**, do hereby certify that the foregoing Power of Attorney is in full force and effect and has not been revoked.

In Testimony Whereof, I have hereunto set my hand and the seal of the **United States Fidelity and Guaranty Company**,

on this 2nd  day of  March  , 19 98 .

............................................
Assistant Secretary

FS 3(12/96)

## CORPORATE AND SURETY ACKNOWLEDGEMENT

I, BERNICE FONSECA , certify that I am the Secretary of the Corporation named as Principal within

the Bond; that EFRAIN FONSECA, who signed the same bond on behalf of the Principal, was then

President of said corporation; that I know his signature hereto is genuine; and that said bond was duly

signed, sealed and attested for an in behalf of said corporation by authority of its governing body.

(Corporate Seal)

Sate of Florida        )
County of Miami Dade   )   ss

Before me, a Notary Public duly commissioned, qualified, and acting personally appeared
Ramon A. Rodriguez, to me well known, who being by me first duly sworn upon oath, says that he is the
attorney -in-fact, for the United States Fidelity and Guaranty Company and that he has been authorized by
United States Fidelity and Guaranty Company execute the foregoing bond on behalf of the Contractor
named therein in favor of :

| | | |
|---|---|---|
| Lehrer McGovern Bovis, Inc. | Bankers Trust Company | M.B. Redevelopment, Inc. |
| 200 Park Avenue 9th Pl. | Its Successors/ and or | 407 Lincoln Rd. |
| New York, NY 10166 | Assigns, As Agent | Miami Beach, Fl. 33139 |
| | 280 Park Avenue | |
| | New York, NY 10017 | |

Subscribed and sworn to before me this 2nd  day of March A.D. , 1998.

Notary Public, State of Florida at Large

May Commission Expires :

MARIA T. BENITEZ
Comm. No. CC 576050
My Comm. Exp. Oct. 18, 2000
Bonded thru Pichard Ins. Agcy.

## PERFORMANCE BOND
## MULTIPLE-OBLIGEE

**Bond No.**   PRF08065902                                    **Premium Amount $**   10,255

## KNOW ALL MEN BY THESE PRESENTS,

That we,   Alan W. Smith, Inc.

### (full name and address of Contractor)
9140 NW 96th Street, Medley, Florida  33166

(hereinafter called the Principal), as Principal, and   Fidelity & Deposit Company of Maryland.

9100 S. Dadeland Blvd., Suite 908, One Datran Center, Miami, Florida  33156

### (full name and address of Surety)

a corporation duly organized under the laws of the state of ___Maryland_____ (hereinafter called the Surety), as Surety, are held and firmly bound unto:

| | | |
|---|---|---|
| **LEHRER MCGOVERN BOVIS, INC.** | **BANKERS TRUST COMPANY** | **M.B. REDEVELOPMENT, INC.** |
| **200 PARK AVENUE 9TH FL.** | **ITS SUCCESSORS AND/OR** | **407 LINCOLN ROAD, STE. 6K** |
| **NEW YORK, NY 10166** | **ASSIGNS, AS AGENT** | **MIAMI BEACH, FL. 331339** |
| | **280 PARK AVENUE** | |
| | **NEW YORK, NY 10017** | |

as their interests may appear, (hereinafter called the Obligees).

in the sum of  One Million Three Hundred Sixty Five Thousand Dollars & 00/100   U.S. Dollars ($  1,365,000.00          ), for the payment of which we, the said Principal and the said Surety, bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal entered into a certain Contract dated   March 20,         19 97 with **LEHRER MCGOVERN BOVIS, INC.** for:

### LOEWS MIAMI BEACH RESORT
### LMB PROJECT #2350.01

which is hereby referred to and made a part hereof as if fully set forth herein.

**NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH,** that if the Principal shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration, or extension of time made by the Obligees or either one of them.

Whenever Principal shall be, and declared by Obligees or either one of them, to be in default under the Contract, the Obligees having performed their obligations thereunder, the Surety shall promptly remedy the default by one of the following:

1)      Complete the Contract in accordance with its terms and conditions.

### PERFORMANCE BOND
### MULTIPLE-OBLIGEE
### PAGE 1

F.S.

2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or if the Obligees elect, upon determination by the Obligees and the Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Obligees, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the Contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, and pursuant to the Contract, the amount set forth in the first paragraph hereof. The term "balance of the Contract price," as used in this paragraph, shall mean the total amount payable by Obligees to the Principal under the Contract and any amendments thereto, less the amount properly paid by Obligees to the Principal.

3) Pay to the Obligees the full amount of the penal sum above stated.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligees named herein or the heirs, executors, administrators, successors or assigns of the Obligees.

Principal and Surety shall not be liable to the Obligees or any of them unless the Obligees or any of them have performed the obligations to the Principal in accordance with the terms of said Contract.

Principal and Surety shall not be liable to all Obligees in the aggregate in excess of the penal sum above stated.

Sealed with our seals and dated this ____24th____ day of ____June____, 19⁹⁷

Attested by: _Sheila Smith_

Alan W. Smith, Inc.
Principal

by: _____
(Title)    (seal)
Alan W. Smith Vice Pres —

Attested by: _Dorrie Knapp_

Fidelity & Deposit Company of Maryland
Surety

by: _____
Attorney-in-Fact(seal)
L. Alan Lund

**PERFORMANCE BOND**
**MULTIPLE-OBLIGEE**
**PAGE 2**

E.S.

## Power of Attorney

### FIDELITY AND DEPOSIT COMPANY OF MARYLAND

HOME OFFICE, BALTIMORE, MD

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by    C. M. PECOT, JR.   , Vice-President, and    C. W. ROBBINS   , Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint  Thomas R. Jones, Randy Jones and A. Alan Lund, all of Homestead, Florida, EACH...........................................

its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings, each in a penalty not to exceed the sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000)..............................

And the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Tom Jones, etal., dated, July 30, 1981.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this_____24th_____day of _____June_____, A.D. 1992

ATTEST: [SEAL]    FIDELITY AND DEPOSIT COMPANY OF MARYLAND

C. W. Robbins
_____
*Assistant Secretary*

By_____
*Vice-President*

STATE OF MARYLAND } SS:
CITY OF BALTIMORE

On this  24th  day of    June    , A.D. 1992 , before the subscriber, a Notary Public of the State of Maryland, in and for the City of Baltimore, duly commissioned and qualified, came the above-named Vice-President and Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, at the City of Baltimore, the day and year first above written.

[NOTARY SEAL]    CAROL J. FADER

Notary Public Commission Expires  August 1, 1992

### CERTIFICATE

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the original Power of Attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 16th day of July, 1969.

RESOLVED: "That the facsimile or mechanically reproduced signature of any Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this __24th__ day of____June____, 19_97_

J. Gregory Hamilton
*Assistant Secretary*

031-2381

Bond No.  0260474

## PERFORMANCE BOND

Conforms with The American Institute of Architects
A.I.A. document No. A-311

KNOW ALL BY THESE PRESENTS: that  Pro-Tech Contracting, Inc.
1595 Imperial Way, Suite 115, West Deptford, NJ  08066    (Here insert full name and address or legal title of Contractor)

as Principal, hereinafter called Contractor, and, International Fidelity Insurance Company
One Newark Center, 20th Floor, Newark, NJ 07102    (Here insert full name and address or legal title of Surety)

as Surety, hereinafter called Surety, are held and firmly bound unto  Lehrer McGovern Bovis, Inc.
407 Lincoln Road, Suite 6K, Miami Beach, Florida, FL  33139    (Here insert full name and address or legal title of Owner)

as Obligee, hereinafter called Owner, in the amount of One Million One Hundred Ten Thousand and 00/100 - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Dollars ($ 1,110,000.00          ).

for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly
and severally, firmly by these presents.

WHEREAS,

Contractor has by written agreement dated            October 1            ,  1997  ,  entered  into  a  contract

with Owner for  Painting Lowes Miami Beach Resort
                                            (Here insert full name, address and description of project)

in accordance with Drawings and Specifications prepared by
                                            (Here insert full name and address or legal title of Architect)

which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

5 *2101GEEF 10/86                        Page 1 of 2

FILE No.9021-223745200  DEBOVLS LENDLEASE INC  FAX:3052739082  Case 9:02-cv-23474-DLG  Document 10  Entered on FLSD Docket 02/04/2003  Page 33 of 35  PAGE 33  23

Feb-24-98 03:18P Pro- ech Contracting, Inc 605._51-9002           P.03
    Feb-24.9R 02:43P                          610 935 5596          P.03

## PERFORMANCE BOND    0260474

NOW, THEREFORE. THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract then this obligation shall be null and void, otherwise it shall remain in full force and effect.

~~The Surety hereby waives notice of any alteration or~~ extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract. the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

1) Complete the Contract in accordance with its terms and conditions, or

2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and the Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the

contract or contracts of completion arranged under this paragraph sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damage for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contrac price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs. executors, administrators or successors of the Owner.

Signed and sealed this     23rd     day of          February          ,  1998 .

Pro Tech Contracting, Inc.
1595 Imperial Way, Suite 115. West Deptford.    (Seal)
_____ (Witness)  { NJ 08066                              (Principal)

_____ (Title)

International Fidelity Insurance Company
One Newark Center, 20th Floor, Newark, NJ    (Seal)
_____ (Witness)  {                              (Surety)

Nancy Nigro, Attorney-in-Fact    (Title)

S-121P/GEEF 10/96                 Page 2 of 2

# International Fidelity Insurance Company

Home Office
One Newark Center, 20th Floor
Newark, NJ 07102
201-624-7200

Mailing Address
P.O. Box 56
Newark, NJ
07101-0056

MULTIOBLIGEE RIDER

TO BE ATTACHED TO AND MADE PART OF BOND NO. _____0760474_____

The names of Bankers Trust Company, Its successors and/or assigns as agent

280 Park Avenue,

New York, NY 10017

and

M.B. Redevelopment, Inc

407 Lincoln Road, Suite 6K

Miami Beach, Florida 33139

shall be added to said bond as named co-obligees

The Surety shall not be liable under this Bond to the Obligee, or any of them, unless the said Obligee, or any of them shall make payments to the Principal in accordance with the term of said Contract as to payments, ad shall perform all the other obligations to be performed under said Contract at the time and in the manner therein set forth.

The aggregate liability of Surety hereunder to the Obligee or their assigns is limited to the penal sum above stated, and Surety, upon making any payment hereunder, shall be subrogated to, and shall be entitled to an assignment of, all rights of the payee, either against Principal or against any other party liable to the payee in connection with the loss which is the subject of payment.

Signed and Sealed this 23rd day of February 1998.

Lehrer McGovern Bovis, Inc.

By: _____ (SEAL)
       Obligee

Bankers Trust Company, Its successors and/or assigns as agent

By: _____ (SEAL)
       Co-Obligee

M.B. Redevelopment, Inc.

By: _____ (SEAL)
       Co-Obligee

International Fidelity Insurance Company

By: _____ (SEAL)
       Nancy Nigro, Attorney-in-Fact

TEL (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207
BOND NO. 0260474

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

> CHARLES R. CROYLE, JOHN P. FOLLMAN JR., NANCY NIGRO, MARTY S. HELLMAN,
> MADELINE A. KNICKMAN, DOUGLAS S. HANSEN
>
> PA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be certified to and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, and

(2) To remove, at any time, any such Attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 1st day of May, A.D. 1991.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Executive Vice President

On this 1st day of June 1992, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY, that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 8, 1996

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON FILE IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this ____ day of _____, ____.